Tionna Carvalho (SBN 299010)
tcarvalho@slpattorney.com
emailservices@slpattorney.com
Elizabeth A. LaRocque (SBN 219977)
elarocque@slpattorney.com
 STRATEGIC LEGAL PRACTICES, APC
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Tel: (310)929-4900 / Fax: (310) 943-3838
Attorneys for Plaintiff,
JENNIFER CASPER

SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN: 212179)
kvilchez@grsm.com
TRINA M. CLAYTON (SBN: 204215)
tclayton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave
San Francisco, CA 94111
Telephone: (415) 986-5900/Fax: (415) 986-8054
Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER CASPER,<br><br>                Plaintiff,<br>vs.<br><br>FORD MOTOR COMPANY, et al.; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.: 3:25-cv-01151-VC<br><br>Hon. Vince Chhabria<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>**Initial Case Management Conference**<br>Date:  May 9, 2025<br>Time: 10:00 a.m.<br>Place:  Via Zoom<br><br>Complaint Filed: September 19, 2024<br>Removal Filed:   February 4, 2025 |

JOINT INITIAL CASE MANAGEMENT STATEMENT

Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 7), the Clerk's Notice Resetting Case Management Conference After Reassignment dated February 7, 2025 (ECF No. 10), Local Rule 16-9, the Standing Order for All Judges of the Northern District of California-Contents of Joint Case Management Statement, Judge Vince Chhabria's Standing Order for Civil Cases, and Federal Rule of Civil Procedure 26(f), Plaintiff JENNIFER CASPER ("Plaintiff") and Defendant FORD MOTOR COMPANY (Ford" or "Defendant") (collectively, "the Parties") hereby submit the following Joint Initial Case Management Statement.

The Parties, by and through their respective counsel, have met and conferred as required and within the timelines proscribed.

1. **JURISDICTION AND SERVICE**

   *Plaintiff's Statement:*

   Plaintiff filed this action in the Superior Court of California for the County of Sonoma, on September 19, 2024. Defendant Ford removed this case to federal court on February 4, 2025. Defendant Ford's Notice of Removal states that it "removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship." Plaintiff reserves her right to file a motion to remand disputing subject matter jurisdiction. Plaintiff does not contend there are any issues regarding personal jurisdiction. All Defendants have been served.

2. **FACTS**

   *Plaintiff's Factual Statement:*

   This action is brought pursuant to the Song-Beverly Act. On or about December 15, 2018, Plaintiff entered into a warranty contract with Defendant Ford regarding a 2018 Ford Edge, VIN: 2FMPK3J96JBC23663, ("Subject Vehicle"), which was manufactured and/or distributed by Defendant Ford. The warranty contract contained various warranties including a bumper-to-bumper warranty, a powertrain warranty, and an emission warranty. Under the terms of the express written warranty Defendant Ford undertook to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the

Subject Vehicle during the warranty period, Plaintiff could deliver the Subject Vehicle for repair services to Defendant Ford's representative and the Subject Vehicle would be repaired.

During the warranty period, the Subject Vehicle developed symptoms of latent defects and nonconformities, including but not limited to engine defects, transmission defects, and electrical defects. These defects and nonconformities substantially impaired the use, value and safety of the Vehicle. Defendant's representatives have been unable to service or repair the Subject Vehicle to conform to the applicable express and implied warranties.

Prior to Plaintiff purchasing the Subject Vehicle, Defendant Ford knew that the Vehicle was defective but failed to disclose this fact to Plaintiff at the time of the sale and thereafter.

On the basis of the facts set forth in the Complaint, Plaintiff brings the following causes of action against Defendant Ford: (1) Violation of the Song-Beverly Act, § 1793.2(D) (failure to promptly replace the Vehicle or make restitution to Plaintiff); (2) Violation of the Song-Beverly Act, § 1793.2(B) (failure to commence service or repairs within a reasonable time and failure to repair the Vehicle to conform to the applicable warranties within 30 days); (3) Violation of the Song-Beverly Act, § 1793.2(A)(3) (failure to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period); (4) Breach of the Implied Warranty of Merchantability (Civ. Code §§ 1791.1, 1794, and 1795.5), and (5) Fraudulent Inducement-Concealment.

Plaintiff also brought a cause of action for negligent repair against only against dealership defendant Hansel Ford of Petaluma ("Hansel Ford"), which was dismissed prior to removal.

Plaintiff filed this action in the Superior Court for the County of Sonoma on or about September 19, 2024. Defendant Ford removed this case to federal court on February 4, 2025.

***Defendant's Factual Statement:***

On December 15, 2018, Plaintiff purchased a 2018 Ford Edge, VIN: 2FMPK3J96JBC23663 ("Subject Vehicle"), from independent dealership, Hansel Ford. Plaintiff and Hansel Ford entered into a sales contract for the Subject Vehicle at the time of sale. No "warranty contract" was entered into between Plaintiff and Ford.

Ford denies the essential allegations of the Complaint. Ford further denies the Subject Vehicle was sold with defects or non-conformities to express and implied warranties, including, but not limited to any alleged issues identified in the Complaint. It is Ford's position that, to the extent the Subject Vehicle experienced any problems or issues requiring repair service by Ford's independently-owned repair facilities, any such problems or issues were either not defects; not covered by the warranty; do not substantially impair the use, value or safety of the Subject Vehicle; or have been repaired within a reasonable number of repair attempts, and thus, do not trigger Ford's obligation to repurchase or replace the Subject Vehicle pursuant to the Song-Beverly Act. Moreover, Plaintiffs never requested a repurchase or replacement of the Subject Vehicle.

Ford further contends that concerns which manifest themselves after one year cannot form the basis for a breach of the implied warranty under Civil Code Section 1795.5(c). Furthermore, Ford contends that Plaintiff received timely notice of the availability of a third-party dispute resolution process but made no effort to use such process. Ford denies all allegations in Plaintiff's fraudulent inducement-concealment cause of action.

### 3. LEGAL ISSUES

*Plaintiff's Statement*

Based on the facts set forth in the Complaint, Plaintiff brings the following causes of action against Defendant Ford: 1)Violation of the Song-Beverly Act, § 1793.2(D) (failure to promptly replace the Vehicle or make restitution to Plaintiff); 2)Violation of the Song-Beverly Act, § 1793.2(B) (failure to commence service or repairs within a reasonable time and failure to repair the Vehicle to conform to the applicable warranties within 30 days); 3)Violation of the Song-Beverly Act, § 1793.2(A)(3) (failure to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period); 4) Breach of the Implied Warranty of Merchantability (Civil Code §§ 1791.1, 1794, and 1795.5); and 5) Fraudulent Inducement-Concealment

Plaintiff brought a claim for negligent repair against only dealership defendant Hansel Ford, which Request for Dismissal was filed in the State Court action on January 15, 2025, 2024, prior to removal.

*Defendant's Statement:*

The primary law applicable to this matter is California's Song Beverly Consumer Warranty Act. Federal law will govern the procedural aspects of this matter.

Ford has not completed its investigation or initiated the discovery process regarding Plaintiff's allegations. Thus, specific legal issues that may arise have not been conclusively established. Ford's respective defenses in this matter depend on the specific legal theories and factual bases advanced by Plaintiff. Ford has exercised its right to plead in the alternative, and have pled affirmative defenses and/or denials. Ford reserves the right to amend the pleadings to assert additional defenses, as appropriate, as discovery in this matter progresses. Ford disputes Plaintiff's right to claim and/or recover damages, including civil penalties and punitive damages, in this matter. Ford reserves the right to further object to particular damages claimed by Plaintiff as discovery is conducted.

### 4. MOTIONS

There are no prior or pending motions.

*Plaintiff's Statement:*

Plaintiff reserves the right to bring a motion to remand.

Plaintiff does not currently plan to file any motions seeking to add other parties or claim or to file an amended complaint. However, Plaintiff reserves her right to file such motions.

Plaintiff does not currently plan to file any dispositive or partially dispositive motions but reserves the right to do so.

Plaintiff reserves the right to file a motion to compel further discovery responses and documents seeking Defendant's internal investigation documents pertaining to the subject defects (including root cause analysis reports, internal emails pertaining to the cause of the defect and efficacy or inefficacy of proposed cures for the defects, other customer complaints and warranty claims pertaining to the same defects in vehicles of the same year make and model). Plaintiff contends such documents are relevant to show that Defendant Ford's refusal to repurchase the Subject Vehicle was a willful violation of the Song-Beverly Consumer Warranty Act because documents demonstrate Defendant Ford knew the defects

existed and could not be remedied within a reasonable number of repair attempts, but denied the repurchase, nonetheless. Plaintiff also reserves the right to bring a motion to compel if Defendant limits its discovery responses and document production to the repair history of the Subject Vehicle only.

*Defendant's Statement:*

In the absence of any discovery disputes, and without waiving Ford's right to bring discovery or pre-trial motions as appropriate, Ford reserves its right to file any dispositive motion including, but not limited to, a Rule 56 Motion for Summary Judgment or Partial Summary Judgment.  Ford will oppose any Motion to Remand.

**5. AMENDMENT OF PLEADINGS**

Presently, the Parties do not anticipate any need to amend their pleadings, but the Parties reserve the right to do so as warranted by their ongoing discovery and investigation in connection with this litigation.

The Parties agree to the proposed litigation timeline as set forth below in the "Proposed Schedule" under Section 15 Scheduling, *infra*.

**6. EVIDENCE PRESERVATION**

*Electronically Stored Information*

The Parties are aware of their discovery obligations under the Federal Rules of Civil Procedure and have taken reasonable measures to preserve relevant documents, including ESI, that are maintained in the ordinary course of business in accordance with the Rules. The Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information and will only seek Court intervention if necessary.

*Plaintiff's Position:*

Most of the data Plaintiff will be requesting has been produced in other lawsuits or is easily accessible by computer. Plaintiff will discuss with Defendant which symptom codes, labor codes, and various other codes relate to the defects relevant in this lawsuit. Plaintiff also requests text based searches of emails, executive reports, "six sigma" reports, "Things Gone Wrong" reports, and other similar reports.

**7. DISCLOSURES**

The parties will act in accordance with Fed. R. Civ. P. 26(a) and obtain and produce all discoverable information available to them. The Parties will serve their Rule 26(a) Initial Disclosures at or within two weeks after the Case Management Conference.

**8. DISCOVERY**

The Parties have not yet propounded written discovery or notices of deposition.

*Plaintiff's Statement:*

Plaintiff will seek discovery on at least the following subjects:

(a) Defendant's positions on which alleged defects were successfully repaired and when they were repaired, which alleged defects are normal characteristics of the Subject Vehicle, and the factual basis for that claim, and which alleged defects are not covered by the warranty and the factual basis for that claim; (b) The information known and available to Defendant about the alleged defects; (c) Defendant's efforts to repair the Subject Vehicle; (d) Defendant Ford's response to Plaintiff's request that Defendant Ford repurchase the Vehicle; (e) Defendant's policies and procedures for complying with the legal obligations at issue in the case; (f) Defendant's internal investigation and analysis into the alleged defects in the Subject Vehicle and in other vehicles of the same year, make, and model; (g) Defendant's advertising for the Subject Vehicle; (h) Plaintiff's discovery will include a deposition of Defendant's 30(b)(6) witness(es), a deposition of each of the relevant service personnel involved in the servicing of the Subject Vehicle, interrogatories, requests for admissions, and production demands.

*Defendant's statement:*

Ford anticipates conducting discovery into the facts and circumstances surrounding the purchase, use, operation, maintenance, repair history, of the vehicle, including but not limited to (1) representations made at time of sale; (2) whether Plaintiff's vehicle had the alleged defects; (3) whether any such defects impaired the use, value or safety of the vehicle; (4) whether any such defects were repaired after a reasonable number of attempts; (5) the nature and extent of Plaintiff's alleged damages; and (6) the extent of Plaintiff's failure to mitigate damages. Ford anticipates conducting Federal written discovery and taking Plaintiff's deposition and the

depositions of witnesses identified in Plaintiff's disclosure, if any, and Plaintiff's expert witnesses. Ford additionally anticipates conducting an inspection of the vehicle.

### A.    Phases

The Parties do not anticipate conducting discovery in phases, but Ford proposes that the parties first conduct the depositions of Plaintiff before Plaintiff conduct the deposition of Ford's corporate representative(s) in accordance with Federal Rule of Civil Procedure 30(b)(6) in order to focus discovery on Plaintiff's specific complaints about the Subject Vehicle.  Plaintiff disagrees with this approach.

### B.    When discovery should be completed

The parties agree to the proposed litigation timeline as set forth below in the "Proposed Schedule" under Section 15 Scheduling, *infra*.

### C.    Changes to Limitations on Discovery

*Plaintiff's Position:*

Plaintiff does not propose any changes to limits on discovery.

*Defendant's Position:*

Ford proposes that if any party objects to a notice of deposition, either an individual deposition notice or a Rule 30(b)(6) deposition notice, the responding party need not file a motion for protective order if written objections are asserted. Instead, the responding party will serve written objections to the notice or deposition topics at issue. No party shall argue that the failure to file a motion to compel or a motion for protective order waived their positions or objections.

### D.    Expert Discovery

The Parties agree to the proposed litigation timeline as set forth below in the "Proposed Schedule" under Section 15 Scheduling, *infra*.

9. **CLASS ACTIONS**

Not applicable as this case is not a class action.

**10. RELATED CASES**

This case is not related to any other cases or proceedings pending before another judge of this court, or before another court or administrative body. However, as noted above, Plaintiff commenced this action on September 19, 2024, in the Superior Court of California, County of Sonoma. Defendant removed the action on February 4, 2025.

**11. RELIEF**

*Plaintiff's Statement:*

Plaintiff seeks damages as provided in Civil Code section 1794 and section 1793.2(d). These damages include "the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options . . . and including any collateral charges such as sales tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code § 1793.2(d). In addition, Plaintiff seeks the measure of damages set forth in Civil Code section 1794(b)(1), or alternatively, 1794(b)(2). Plaintiff seeks actual damages. Plaintiff also seeks various incidental and consequential damages, including but not limited to, registration and renewal fees, insurance premiums, rental car expenses, storage / maintenance expenses to be determined through the discovery process. Plaintiff does not at this time have a final computation of actual, incidental and/or consequential damages. Plaintiff also seeks a civil penalty in the amount of up to two times actual damages pursuant to Civil Code section 1794, subdivision (c) and (e). If damages are found under a different measure, Plaintiff will seek a penalty in the amount of two times those damages. Plaintiff seeks prejudgment interest at the rate of ten percent per annum from the date the Subject Vehicle was purchased, to the date judgment is entered. In the alternative, Plaintiff seeks prejudgment interest at the rate of ten percent per annum from the date Plaintiff's Complaint was filed, to the date judgement is entered. Plaintiff cannot provide an estimate of prejudgment interest as it is dependent on numerous factors and continues to accrue. Plaintiff seeks punitive damages. Plaintiff also seeks reasonable attorneys' fees, costs, and expenses, which continue to accrue and cannot be estimated at this time.

*Defendant's Statement:*

Ford denies all liability and further denies Plaintiff is entitled to any damages or any other relief. Ford will seek costs and other relief as the Court deems appropriate.

## 12. SETTLEMENT AND ADR

The Parties are agreeable to private mediation as an ADR process. Plaintiff believes it would be most effective after written discovery and depositions. Ford does not believe discovery, above the information exchanged by the Parties in their Initial Disclosures, will significantly impact settlement discussions.

## 13. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING OF ISSUES

The Parties are not aware at this time of any issues that can be narrowed by agreement or by motion or of suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts).

## 15. SCHEDULING

The parties met and conferred and agreed on a scheduling order. The Parties thus propose the following schedule subject to approval or modification by the Court:

| EVENT | PARTIES' AGREED-UPON PROPOSED DATES |
|---|---|
| Jury Trial   Est. 5-7 Days | 01/18/2027 |
| Final Pretrial Conference (Tuesday at 10:00 a.m.) | 01/11/2027 |
| Last Date to Amend Pleadings | 07/11/2025 |
| Further Case Management Conference (Friday at 10:00 a.m.) | 06/05/2026 |
| Fact Discovery Cut-Off | 07/03/2026 |
| Expert Disclosure (Initial) | 07/24/2026 |
| Expert Disclosure (Rebuttal) | 08/07/2026 |
| Expert Discovery Cut-Off | 08/28/2026 |
| Last Date to Hear Dispositive Motions (Thursday) | 10/22/2026 |

**16. TRIAL**

Plaintiff requested a jury trial. Plaintiff estimate the jury trial will take 6 to 9 court days. Ford requests a bench trial and estimates the length of trial to be 3-5 days.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Ford filed its "Certificate of Interested Entities or Persons" as required by Civil Local Rule 3-15 on February 4, 2025 [Dkt. 2]. Other than the named Parties, there is no such interest to report.

**18. PROFESSIONAL CONDUCT**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER MATTERS**

The Parties are unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter for the Court's consideration at the Initial Case Management Conference.

Respectfully Submitted,

DATED: May 2, 2025      **GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ *Trina M. Clayton*
Spencer P. Hugret
Katherine P. Vilchez
Trina M. Clayton
Attorneys for Defendant
FORD MOTOR COMPANY

DATED: May 2, 2025      **STRATEGIC LEGAL PRACTICES, APC**

By: /s/ *Elizabeth A. LaRocque*
Tionna Carvalho
Elizabeth A. LaRocque
Attorneys for Plaintiff
JENNIFER CASPER

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatory to this document has concurred in the filing of this document and that I have obtained authorization to affix her electronic signature to this document.

Dated: May 02, 2025                    By:   /s/ Elizabeth A. Larocque
                                             Elizabeth A. LaRocque
                                             Attorneys for Plaintiff
                                             JENNIFER CASPER

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, A Professional Corporation at 1888 Century Park East, Floor 19, Los Angeles, California 90067.

On the date below, I served a copy of the foregoing document entitled:

**JOINT INITIAL CASE MANAGEMENT STATEMENT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed on May 2, 2025.

*/s/ Elizabeth A. LaRocque*
Elizabeth A. LaRocque